**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Arrington, | No. CV-20-00272-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This matter was referred to Magistrate Judge Maria S. Aguilera, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). She issued a Report and Recommendation (R&R) on May 12, 2021. (Doc. 24: R&R). She recommends remanding the case to the Administrative Law Judge (ALJ) for further proceedings on Plaintiff's application for Social Security Disability Insurance Benefits. There being no objection, the Court adopts the R&R and remands the case to the Commissioner for further consideration.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no

objections are filed, the district court does not need to review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The Court reviews at a minimum, de novo, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), see also, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). No objections have been filed.

REPORT AND RECOMMENDATION

The Honorable Maria S. Aguilera, United States Magistrate Judge, found that the Administrative Law Judge (ALJ) committed several errors. The ALJ gave legally insufficient reasons for discounting the Plaintiff's symptom testimony. While there was no evidence of malingering, the ALJ seemed to question Plaintiff's credibility. The ALJ overstated the effective use of medication to address symptoms and overstated noncompliance. The ALJ generally cherry picked the record to paint the most disadvantageous picture for Plaintiff's case. The Magistrate Judge found that the ALJ could reject the medical opinions of PA vonKersburg for "germane reasons" because he is not an "acceptable medical source" but instead is an "other source." The ALJ erred, however, by not giving specific and legitimate reasons supported by substantial evidence for rejecting joint opinions of PA vonKersburg and Dr. McGettigan, who was the treating physician. This error was harmful because Plaintiff's providers opined that she would miss a minimum of three days of work per month due to her symptoms. The Vocational Expert testified that, to maintain employment, she could miss no more than two days per month

and not miss work in consecutive months.

The Magistrate Judge recommends that the ALJ's decision be reversed and the case remanded for further development to flush out the record. Limited inquiry was made during the administrative hearing into Plaintiff's alleged limitations due to symptoms related to her disabilities: fbromyalgia, degenerative disc disease, obesity, and affective disorder. The information in the record is outdated especially since later records reported some improvement.

There is no objection to the Magistrate Judge's recommendation for remand.

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the Commissioner for further consideration.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** remanding this case for further administrative proceedings consistent with the directives contained herein and, in the R&R.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

Dated this 22nd day of June, 2021.

Honorable David C. Bury
United States District Judge